**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 08-4178**

―――――――――

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

UNSLO RASHAD THOMAS,

            Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:07-cr-00735-PMD-1)

―――――――――

Submitted:  September 2, 2008      Decided:  September 22, 2008

―――――――――

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Mary Gordon Baker, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. W. Walter Wilkins, United States
Attorney, Alston C. Badger, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Unslo Rashad Thomas challenges his 120-month sentence, imposed upon his guilty plea to one count of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B), (b)(1)(C) (West 1999 & Supp. 2008). Thomas claims that the statutory mandatory minimum penalties prescribed in 21 U.S.C.A. § 841(b) create an unconstitutional disparity between crimes involving powder cocaine and crimes involving crack cocaine, in violation of the Equal Protection Clause. See 21 U.S.C.A. § 841(b)(1)(A)(ii), (iii); (B)(ii), (iii) (five—year mandatory minimum sentence for five grams of crack cocaine or 500 grams of powder cocaine; ten—year mandatory minimum sentence for fifty grams of crack cocaine or 5000 grams of powder cocaine). We affirm.

This court has repeatedly rejected claims that the sentencing disparity between cocaine powder and cocaine base violates either the Equal Protection Clause or the Due Process Clause. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995). To the extent Thomas seeks to have this court reconsider these decisions, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that."

2

<u>Scotts Co. v. United Indus. Corp.</u>, 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citations omitted). Furthermore, the recent amendments to the Sentencing Guidelines have no effect on the constitutionality or applicability of the statutory mandatory minimum sentences for crack cocaine offenses.[*] See <u>U.S. Sentencing Guidelines Manual</u> § 5G1.1(b) (2007); <u>Neal v. United States</u>, 516 U.S. 284, 294 (1996).

Thomas's reliance on the Supreme Court's decision in <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 575 (2007), is also misplaced. <u>Kimbrough</u>'s holding that district courts are permitted to disagree with the policies underlying the Sentencing Guidelines is unrelated to the constitutionality of the statutory sentencing disparity. The Court in <u>Kimbrough</u> neither found § 841's penalty provisions unconstitutional nor overruled this court's previous holdings rejecting constitutional challenges to the 100:1 ratio. See <u>Kimbrough</u>, 128 S. Ct. at 572 (sentencing courts need not "adhere to the 100-to-1 ratio for crack cocaine quantities <u>other than those that trigger the statutory mandatory minimum sentences</u>") (emphasis added).

Accordingly, we affirm Thomas's sentence. We dispense with oral argument because the facts and legal contentions are

---

[*]On November 1, 2007, the United States Sentencing Commission lowered the base offense level for drug offenses involving crack cocaine. <u>See</u> USSG § 2D1.1 (2007); USSG Supp. to App'x C, Amend. 706. Amendment 706 was made retroactive, effective March 3, 2008. <u>See</u> USSG § 1B1.10(c) (Mar. 3, 2008); <u>see also</u> <u>United States v. Brewer</u>, 520 F.3d 367, 373 (4th Cir. 2008).

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED